[No. 16074.   Department One.   January 5, 1921.]

EDGAR A. HOWELL et al., Appellants, v. E. M. WELCH et al., Respondents.[1]

Appeal from a judgment of the superior court for King county, Jurey, J., entered June 19, 1920, in favor of the defendants, in an action for the rescission of a contract for fraud, tried to the court. Affirmed.

Jay C. Allen (E. W. Howell, of counsel), for appellants.
Shorett, McLaren & Shorett, for respondents.

PARKER, J.—The plaintiffs, the Howells, commenced this action in the superior court for King county, seeking a decree awarding rescission and setting aside of a sale of a garage made to them by the defendants, the Welches; and also a money judgment against the defendants for the repayment of the purchase price of the same. Such recovery was sought upon alleged false and fraudulent representations made by the defendants to the plaintiffs inducing them to consummate the sale. The defendants answered denying the allegations of fraud, and by cross-complaint sought foreclosure of a chattel mortgage given by the plaintiffs, or rather by one of them for the others, upon the garage to secure the balance due upon the purchase price of the sale. A trial upon the merits resulted in judgment and decree denying to the plaintiffs the relief prayed for by them, and awarding to the defendants and cross-complainants foreclosure of the chattel mortgage as prayed for by them. From this disposition of the cause, the plaintiffs have appealed to this court.

From a careful reading of the record, including all of the evidence as furnished us by the abstract thereof prepared by counsel for appellants, we are quite fully convinced that the judgment must be affirmed. The contentions made in appellants' behalf have to do, so far as they are here worthy of serious consideration, wholly with questions of fact as to the making of the alleged false representations, as to their falsity, and as to appellants' reliance thereon inducing them to consummate the sale. It seems quite clear to us that the evidence touching these questions does not preponderate against the trial court's conclusions. Indeed, we are inclined to the view that it preponderates in support thereof; though we are compelled to view the evidence only in cold typewriting. To analyze the evidence in detail here would be but to measure the credibility of witnesses testifying for the respective parties, without the opportunity of seeing and hearing them testify which was possessed by the trial court. We do not think the case calls for further discussion. The judgment and decree is affirmed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.

[1]Reported in 194 Pac. 545.